UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LIONEL COLEMAN,

Plaintiff,

v. Case No. 26-cv-1215-pp

DAN BASARICH,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Lionel Coleman, who was incarcerated at the Waukesha County Jail when he filed the complaint and is representing himself, alleges that defendant Dan Barsarich violated his rights under Wisconsin state law when the defendant performed dental surgery on the plaintiff. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 15, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $11.37. Dkt. No. 5. The court received that fee on July 20, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The defendant works as a dentist at the Waukesha County Jail. Dkt. No. 1 at 1. The plaintiff alleges that on June 10, 2026, the defendant performed a two-hour dental surgery on him at the jail. Id. at 2. He states that he believes the surgery, which included removing two broken teeth out of his gum, was "performed incorrectly by not filling/stitching the open gum after procedure leaving the open tissue vulnerable to infections and disease." Id. at 2. He asserts that the left side molar still has its tooth inside of it and there is a hole that has not been filled or stitched properly. Id. at 3.

The plaintiff states that an antibiotic should be started about a week before a dental procedure to ensure no infection sets in or potentially gets worse. Id. He says that he was informed that he already had an abscess and they gave him only a five-day cycle of antibiotics, from June 15 to 20. Id. The plaintiff states that the defendant's malpractice left him with open wounds, and that it was painful and difficult to eat, drink and sleep. Id.

The plaintiff claims that the defendant violated Wisconsin state law. Id. at 4. For relief, the plaintiff seeks $45,000,000 and he asks that the defendant perform operations correctly. Id.

C. Analysis

The plaintiff sues the defendant for medical malpractice under Wisconsin state law. A federal court does not have jurisdiction to decide cases that involve only state-law claims unless a plaintiff can demonstrate that the court has diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; **and** (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $45,000,000 in damages. But he has not alleged that he and the defendant are citizens of different states. In his complaint, he alleges that the defendant works at the Waukesha County Jail. Dkt. No. 1 at 1-2. Because the complaint does not allege a violation of a federal law or the federal Constitution, and because the plaintiff does not allege that he and the defendant live in different states, this federal court does not have subject-matter jurisdiction over the plaintiff's state-law claim.

"The federal courts are courts of limited jurisdiction, and . . . have an obligation at each state of the proceedings to ensure that [they] have subject matter jurisdiction over the dispute." Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013). If a federal court does not have subject matter jurisdiction, it must dismiss a case. See, *e.g.*, United States v. Furando, 40 F.4th 567, 576 (7th Cir. 2022). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court is

dismissing the plaintiff's state law claim without prejudice, which means that he is free to file a lawsuit in state court.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the court lacks subject-matter jurisdiction over the plaintiff's claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $335 balance of the filing fee to the clerk of court as he is able.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**